**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2149
_____

KENNETH OWENS,
                              Appellant

v.

US BANK TRUST NATIONAL ASS'N, As Owner and Trustee for RCF 2 Acquisition
Trust c/o U.S. Bank Trust National Association; SELENE FINANCE, LP

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-06372)
District Judge: Honorable Gerald J. Pappert

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 20, 2026
Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: July 20, 2026)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se Appellant Kenneth Owens appeals the District Court's order granting the Defendants/Appellees' motion to dismiss his amended complaint. We will affirm the District Court's judgment.

I.

Owens executed a mortgage secured by his property in Lansdowne, Pennsylvania.[1] In 2022, the mortgage was assigned to U.S. Bank Trust National Association ("U.S. Bank"). But according to Owens, U.S. Bank had no legal or equitable interest in the property because of defects in the execution of the promissory note.

Subsequently, U.S. Bank initiated a foreclosure action in the Delaware County Court of Common Pleas, alleging that Owens had defaulted on his loan by failing to make his monthly payments since January 2020. The Common Pleas Court entered a default judgment against Owens and issued a writ of execution directing the Delaware County Sheriff to levy upon and sell Owens's property. Owens unsuccessfully petitioned to open or strike the default judgment and moved to dismiss the foreclosure.[2]

---

[1] On a motion to dismiss, a court may consider documents attached to or referenced in the complaint "and other public records of which [it] can take judicial notice." *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998). We otherwise recount this case's history based on Owens's factual allegations, which we accept as true and view in the light most favorable to him. *See Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012).

[2] Since then, Owens has also unsuccessfully filed two appeals related to the foreclosure proceedings. *See U.S. Bank Tr. Nat'l Ass'n v. Owens*, No. 2583 EDA 2025 (Pa. Super. Ct. Feb. 17, 2026) (dismissing appeal from order granting reassessment of damages); *U.S. Bank Tr. Nat'l Ass'n v. Owens*, No. 173 EDA 2026 (Pa. Super. Ct. June 2, 2026) (quashing appeal from the denial of Owens's motion to vacate or void the foreclosure judgment). Owens has also filed many petitions to postpone the Sheriff's Sale.

Meanwhile, Owens brought a civil action against U.S. Bank and Selene Finance LP (the mortgage servicer) in the United States District Court for the Eastern District of Pennsylvania. Liberally construed, Owens's complaint alleged that: 1) U.S. Bank lacked standing to foreclose on his property; 2) the foreclosure violated his Fourteenth Amendment due process rights; 3) the assignment of the mortgage to U.S. Bank violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g); and 4) U.S. Bank perpetrated a fraud on the court by "knowingly present[ing] false information" to the Common Pleas Court to secure the foreclosure judgment. Owens sought damages, an order requiring U.S. Bank to return the "negotiable instrument" to him, and a declaration that he is the equitable owner of the property.

The defendants moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim for relief. *See* Fed. R. Civ. P. 12(b)(1), (6). The District Court granted the motion. It determined that Owens's first and fourth claims were barred by the *Rooker-Feldman* doctrine and *res judicata.* It also dismissed Owens's due process claim, explaining that Owens pleaded no facts plausibly alleging that the defendants acted under color of state law. Lastly, it determined that Owens lacked standing to bring the TILA claim and that the claim was untimely. The District Court granted Owens leave to amend only his TILA claim.

After Owens submitted an amended complaint, the defendants filed a motion to dismiss, which the District Court granted. The District Court dismissed the amended complaint for lack of jurisdiction without further leave to amend, and Owens filed a timely notice of appeal.

3

II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal, and we may affirm the District Court's judgment for any reason supported by the record. *See Bah v. United States*, 91 F.4th 116, 119 (3d Cir. 2024); *Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We will consider only those issues that Owens has raised before this Court. *See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 124 n.2 (3d Cir. 2020) (explaining that parties forfeit any argument that they do not raise in their opening brief); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). Owens's opening brief primarily takes issue with the District Court's application of the *Rooker-Feldman* doctrine, which the District Court relied on to dispose of Owens's first and fourth claims. But Owens did not meaningfully challenge the District Court's additional determination that his first and fourth claims were barred by the doctrine of *res judicata*.[3] Owens has provided us with no reason to disturb that conclusion. *See Barna v. Bd. of Sch. Dirs.*, 877 F.3d 136, 145 (3d Cir. 2017) (stating that the Court typically refuses to consider arguments not properly raised and discussed in the

---

[3] The District Court was within its authority to assume hypothetical statutory jurisdiction and resolve these claims on *res judicata* grounds "because the *Rooker-Feldman* doctrine does not implicate Article III jurisdiction." *Butcher v. Wendt*, 975 F.3d 236, 244 (2d Cir. 2020); *see also Jordon v. Att'y Gen.*, 424 F.3d 320, 325 n.8 (3d Cir. 2005) (explaining that the U.S. Supreme Court's decision in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93–94 (1998), requires us to answer only Article III jurisdiction questions before reaching other questions).

appellate briefing). Nor can we discern any. *See Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006) (explaining that, under Pennsylvania law, *res judicata* (or claim preclusion) bars claims that were actually litigated or could have been litigated in a prior proceeding); *see also* Restatement (Second) of Judgments § 17 reporter's note cmt. d (Am. L. Inst. 1982) ("Claim preclusion results from a judgment by default"); *In re Graves*, 33 F.3d 242, 248 (3d Cir. 1994) (explaining that the Pennsylvania Supreme Court has adopted the preclusion principles of the Second Restatement of Judgments).

Further, we agree with the District Court that Owens lacked standing to bring the TILA claim. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Owens alleged that the defendants violated federal law by failing to notify him of the mortgage assignment within 30 days. But Owens did not show, either in his original complaint or his amended complaint, that he suffered an injury flowing from the defendants' omission, or that he suffered harm closely related to the defendants' failure to provide notice. *See George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 235–37 (3d Cir. 2024). In other words, he failed to allege how the defendants' failure to send notice prevented him from paying his debt or was otherwise "fairly traceable" to the foreclosure. *See id.* at 234, 236.

### III.

Finally, we are satisfied that, under the circumstances of this case, granting Owens further leave to amend his claims would have been futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002). Accordingly, we will affirm the District Court's judgment